THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLINTON H. KIMBALL *v.* NICHOLAS HAUGHTON AND OTHERS, AS AND COMPOSING THE BOARD OF COMMISSIONERS OF EXCISE IN AND FOR THE CITY OF NEW YORK.

*Canceling of a license by the excise commissioners — when an appearance waives a defective service of notice — two commissioners may act if the third has notice of the meeting — the proceedings are summary in character — what is required to justify a cancellation of the license.*

Upon the hearing of a *certiorari*, issued to review the decision of the commissioners of excise in vacating and annulling a license issued to the relator, an objection was taken that the summons was not served upon the relator him-

self, but upon a person who, in his absence, was found in the possession and control of his establishment.

*Held*, that the objection was deprived of all force by the fact that an attorney and counselor appeared for the relator at the time and place designated for the return, and without objecting to the mode of service moved for and obtained an adjournment of the hearing.

That an objection that the order and decision were made by two of the three commissioners was also without force, as it appeared that the third had notice of the time and place to which the hearing was adjourned, he having participated in the making of the order for the adjournment.

The statute does not require the same strictness, by way of proof, in a proceeding taken to annul a license for the sale of intoxicating liquors, as is required in an action or special proceeding in court.

Section 4 of chapter 549 of 1873 does not prescribe the legal mode through which the commissioners may become satisfied that the person proceeded against has failed to observe the statutory provisions upon which the continuance of his license may depend, but it has provided, in very general language, that when the commissioners shall become satisfied of the necessary fact, after summoning before them the person proceeded against, they shall revoke, cancel and annul his license.

The proceeding is to be summary and to depend upon such reliable information as the commissioners may be able to obtain, to a reasonable certainty, establishing the existence of the necessary fact.

CERTIORARI to review the order and decision of the commissioners of excise, vacating and annulling a license issued to the relator.

*John O. Byrne*, for the relator.

*Elliot Sandford*, for the respondents.

DANIELS, J.:

The objection taken to the proceeding that the summons was not served upon the relator himself, but upon the person who, in his absence, was found in the possession and control of his establishment, is deprived of its force by the fact that an attorney and counselor appeared for him at the time and place designated for the return, and without objection to the mode of service moved for and obtained an adjournment of the hearing. If it had been intended to resist the proceeding on account of this irregular mode of service, the objection should have been taken before the commissioners, when it might have been obviated by issuing another summons and securing the service of it personally upon the relator.

The objection that the order and decision were made by two of

the three commissioners is also without force, for it appeared that the third had notice of the time and place to which the hearing was adjourned by having participated in the making of the order for the adjournment. And when that is the fact, under the statute defining the powers and course of proceedings of such officers, the action and determination of a majority will be effectual for all the purposes of the case.

The statute does not require the same strictness, by way of proof, in a proceeding taken to annul a license for the sale of intoxicating liquors, as is required in an action or special proceeding in court. By section 4 of chapter 549 of the Laws of 1873, the board of excise of any city, town or village may at any time, and upon the complaint of any resident of said city, town or village, shall summon before them any person or persons licensed, and if they shall become satisfied that any such person or persons has, or have, violated any of the provisions of this act, or of the acts amended by it, they shall revoke, cancel and annul the license of such person or persons, which they are thereby empowered to do. It has not prescribed the legal mode through which the commissioners may become satisfied that the person proceeded against has failed to observe the statutory provisions upon which the continuance of his license may depend. But it has provided, in very general language, that when the commissioners shall become satisfied of the necessary fact, after summoning before them the person proceeded against, they shall revoke, cancel and annul his license. The proceeding is evidently designed to be summary and to depend upon such reliable information as the commissioners may be able to obtain, to a reasonable certainty, establishing the existence of the necessary fact. In the present case they received information from the district attorney of the county that the relator's establishment was of a disreputable character and made the resort of evil-disposed persons. And this was further proven by the evidence which had been taken upon the trial of James McQuade, in the Court of Sessions, concerning a criminal offense alleged to have been committed at the saloon of the relator. No objection was taken by his counsel, who was present at the hearing, to this evidence, but an application was made for the further adjournment of the proceeding on the ground that the relator himself was unable to attend by reason of the fact that he was confined in prison. The

evidence submitted to the commissioners was such as to prove that the relator's place was an improper one to be licensed under the provisions of the statute, and they were accordingly authorized upon the proof to annul, cancel and vacate his license as they did. The evidence was sufficient for that purpose as long as no proof whatever was given, on behalf of the relator, tending to reduce its effect or in any manner excuse him from the truth of the charge it tended to prove.

It is not necessary to determine the objection whether or not a writ of *certiorari* can be issued to review the proceedings and decision of the commissioners of excise under this act, for in this case neither of the objections which have been taken in support of the writ is well founded.

The decision of the commissioners should, therefore, be affirmed, with costs, and the writ dismissed.

BRADY, P. J., and DANIELS, J., concurred.

Decision of commissioners affirmed, with costs, and writ dismissed.